# In the United States Court of Federal Claims

No. 17-1763C

(Filed: May 22, 2020)

```
*********************************
                                  )
THE TOLLIVER GROUP, INC.,         )
                                  )    Motion for reconsideration; jurisdiction
                Plaintiff,        )    over contractor's claim for partial
                                  )    reimbursement of legal fees incurred in
        v.                        )    successful defense of qui tam suit
                                  )
UNITED STATES,                    )
                                  )
                Defendant.        )
                                  )
*********************************
```

Walter Brad English, Maynard, Cooper & Gale, P.C., Huntsville, Alabama, for plaintiff. With him on the briefs were Emily J. Chancey and Michael W. Rich, Maynard, Cooper & Gale, P.C., Huntsville, Alabama.

Ashley Akers, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With her on the briefs were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.  Of counsel was James M. Ives, Litigation Attorney, General Litigation Branch, United States Army Legal Services Agency, Fort Belvoir, Virginia.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Pending before the court is a motion by defendant ("the government") for reconsideration of this court's decision that plaintiff, The Tolliver Group, Inc. ("Tolliver"), properly has invoked the court's jurisdiction and is entitled to equitable reimbursement of part of its costs in its successful defense of a *qui tam* suit.  *See* Def.'s Mot. for Recons. ("Def.'s Mot.") at 3, ECF No. 54 (seeking reconsideration of *Tolliver Grp., Inc. v. United States*, 146 Fed. Cl. 475 (2020)).  The government also challenges certain facts upon which the court relied in rendering its decision.  *Id.* at 4.  Tolliver has responded that it had specifically requested an equitable adjustment from the contracting officer, for the precise amount it sought from the court, based on the same operative facts.  Pl.'s Resp. to Def.'s Mot. ("Pl.'s Resp.") at 4-5, ECF No. 56 (citing *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003); *Placeway Constr. Corp. v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990)).

Because there is no divergence between Tolliver's claim to the contracting officer and that submitted to the court, the government's motion for reconsideration is DENIED. The court has jurisdiction over Tolliver's claim. And, the government's disagreement with certain facts underpinning the court's decision is equally unavailing. The pertinent facts were drawn directly from the federal district court's ruling in favor of Tolliver in the *qui tam* action and thus are *res judicata* in the equitable reimbursement case before the court.

**BACKGROUND**

Tolliver succeeded to a contract with the United States Army for production of a series of technical manuals. The Army needed manuals that would provide military vehicle field users with current parts information and updated procedures for provisioning, maintaining, and overhauling its Hydrema 910 Mine Clearing Vehicle. *See* Joint Stip. ¶¶ 5-6.[1] A task order, Task Order 10, was awarded to DRS Technical Services, Inc. on August 26, 2011, Joint Stip. ¶ 1, as a fixed-price, level-of-effort contract requiring the contractor to develop and deliver technical manuals for the Army's mine clearing vehicle, Joint Stip. ¶¶ 4-5. It required the contractor to submit a series of preliminary technical manuals for review by several entities within the Army. Joint. Stip. ¶¶ 8-9. Once the Army had completed review and revision of the preliminary technical manuals, the contractor was to provide final versions incorporating any edits or revisions. Joint Stip. ¶ 10. To avoid having to engage in having the contractor reverse engineer the mine clearing vehicle, the contract's Performance Work Statement ("PWS") required the Army to provide a technical data package with engineering drawings from the manufacturer of the vehicle. *See* Joint Stip. ¶¶ 11-12. Nonetheless, the Army never obtained, and thus never provided, the technical data package from the manufacturer. Joint Stip. ¶¶ 13-14. Even though the technical data package had not been, and could not be, provided to the contractor as Task Order 10 required, the Army directed the work to proceed. *See* Joint Stip. ¶ 15.

Upon Tolliver's assumption of the Task Order 10 contract, it undertook to perform without the technical data package. Joint Stip. ¶ 14. After Tolliver had worked on the contract for approximately seven months, the Army issued Modification 8, an amendment to the contract that removed the government's obligation to provide the technical data package. Joint Stip. ¶¶ 17-18. In addition, Modification 8 prospectively converted Task Order 10 from a firm-fixed-price, level-of-effort contract to a firm-fixed-price contract at over a four and one-half fold increase in cost. *See* Joint Stip. ¶ 18.

The failure to provide the technical data package supplied the basis for the *qui tam* action. On April 15, 2014, Robert Searle filed an action against Tolliver under the False Claims Act, 31 U.S.C. §§ 3729-31, in the United States District Court for the Eastern District of Virginia, styled *United States of America ex rel. Robert C. Searle v. DRS Technical Services, et al.*, No. 1:14-cv-00402. Joint Stip. ¶ 19. Mr. Searle asserted that Tolliver violated the False Claims Act while performing Task Order 10 during the period before Modification 8 became effective by

---

[1]The stipulations number 27 and will be cited as "Joint Stip." followed by paragraph number. *See* ECF No. 38.

certifying compliance with the technical data package despite having never received that package, *see United States ex rel. Searle v. DRS Tech. Servs.*, No. 1:14-cv-00402, 2015 WL 6691973, at *1 (E.D. Va. Nov. 2, 2015). The government declined to intervene or to move to dismiss the relator's case, and Tolliver successfully defended the litigation. The district court dismissed the complaint, concluding that it lacked merit because "[the Army] intended to provide [Tolliver] with [the technical data package] for use in developing the manuals, it did not do so, it knew that it did not do so, and still instructed [Tolliver] to proceed with performance." *Searle*, 2015 WL 6691973, at *1. Thereafter, the United States Court of Appeals for the Fourth Circuit affirmed the district court's dismissal of the suit, *United States ex rel. Searle v. DRS Tech. Servs.*, 680 Fed. Appx. 163 (4th Cir. 2017).

After the affirmance of the dismissal of the *qui tam* suit, Tolliver submitted a claim to the contracting officer under the Contract Disputes Act, 41 U.S.C. §§ 7101-09, for an equitable adjustment, seeking reimbursement of $195,889.87 for allowable legal fees incurred in defending the suit, Joint Stip. ¶ 25. The requested amount represented 80% of the $244,862.22 in attorneys' fees that Tolliver said it had incurred in its successful defense of the False Claims Act suit. Joint Stip. ¶ 26. The contracting officer denied the claim in full on September 8, 2017, Joint Stip. ¶ 27, concluding it was precluded by the fixed-price nature of the contract in the absence of a contract clause providing otherwise.

Tolliver then brought its claim before this court. After preliminary proceedings involving an effort by the government to dismiss Tolliver's Second Amended Complaint, *see Tolliver Grp., Inc. v. United States*, 140 Fed. Cl. 520 (2018), the court entertained cross-motions for summary judgment filed by the parties based on extensive stipulations. On January 22, 2020, the court ruled that equitable reimbursement for the defense costs was appropriate because the *qui tam* suit was based on Tolliver's Army-mandated efforts to perform in the absence of the technical data package. *See Tolliver*, 146 Fed. Cl. at 482. Predicated on the parties' stipulations and the findings of the district court as affirmed by the Fourth Circuit, this court concluded that Tolliver was entitled to equitable reimbursement for part of its costs in successfully defending that suit. *Id.* (citing *United States v. Spearin*, 248 U.S. 132 (1918), *Franklin Pavkov Constr. Co. v. Roche*, 279 F.3d 989, 994-95 (Fed. Cir. 2002), and *Essex Electro Eng'rs, Inc. v. Danzig*, 224 F.3d 1283, 1289 (Fed. Cir. 2000)).

## STANDARDS FOR DECISION

Final judgment has not been entered, pending consideration of the amount of defense costs expended by Tolliver. *See Tolliver*, 146 Fed. Cl. at 486. The case thus remains interlocutory, and Rule 54(b) of the Rules of the Court of Federal Claims ("RCFC") applies. Under that rule, "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." RCFC 54(b); *see Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48 (1943) (A court has power "at any time prior to entry of its final judgment . . . to reconsider any portion of its decision and reopen any part of the case."); *John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88 (1922) ("If [an order is] interlocutory, the court at any time before final decree may modify or rescind it."). The rule reflects the precept that "[a]t an interlocutory stage,

3

the common law provides that the court has power to reconsider its prior decision on any ground consonant with application of the law of the case doctrine." *Wolfchild v. United States*, 68 Fed. Cl. 779, 785 (2005).  In such circumstances, "the strict rules governing motions to amend and alter final judgments under Rule 59 do not apply." *Pacific Gas & Elec. Co. v. United States*, 114 Fed. Cl. 146, 148 (2013) (internal quotations and citations omitted).[2]

In effect, the court "may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (internal quotations and citations omitted).  The court must consider the motion with care, mindful that a motion to reconsider "is [not] intended to give an unhappy litigant an additional chance to sway the court." *Weaver-Bailey Contractors, Inc. v. United States*, 20 Cl. Ct. 158, 158 (1990) (citation omitted).

## ANALYSIS

For simplicity, the court will first address the government's factual contentions and then focus on the symmetry, *vel non*, of Tolliver's claim to the contracting officer and that brought before the court.

### A.  The Government's Factual Contentions

Factually, the government avers that "the [c]ourt stated that the agency's failure to provide the technical data package prevented Tolliver from performing under the contract." Def.'s Mot. at 4.  That averment is wrong.  The court did not so state.  Instead, "the court conclude[d] that the contract could not be performed *as specified in the original Performance Work Statement* (PWS), engendering changed conditions of performance as reflected in an agreed modification to the contract." *Id.* (quoting *Tolliver*, 146 Fed. Cl. at 479) (emphasis added).  As one can readily see, the government's averment as to what the court stated does not match what the court actually found.  The court did not say the contract could not be performed in the absence of the technical data package with engineering drawings; rather, as the court put it, "[t]he Army['s] . . . inability to produce the technical data package would generate considerable additional work for Tolliver in the form of reverse engineering." *Tolliver*, 146 Fed. Cl. at 483-84.  And that all-too-evident fact led the Army to introduce Modification 8, which increased the price by a factor of four and one-half times.[3]  In short, the government misstates a basic premise of the court's ruling.

---

[2]The government's motion for reconsideration errs insofar as it relies on RCFC 59(a)(1), which applies to motions to alter or amend final judgments.

[3]The government's motion undercuts its position by observing that "[i]t is undisputed here that Tolliver capably performed under the contract and the specifications did not frustrate performance or make Tolliver's performance impossible." Def.'s Mot. at 11.  Failure to provide

The government relies on various statements by Tolliver made in connection with the district court's proceeding.  But the district court well understood what the circumstances were.  The contracting officer's representative had provided a declaration to the district court, which the court adopted as a factual matter, contradicting the government's current position.  As the district court commented, "[t]he declaration confirms that while the government indicated that it intended to provide the contractors with a T[echnical] D[ata ] P[ackage] for use in developing the manuals, it did not do so, it knew that it did not do so, and still instructed the contractors to proceed with performance." *United States ex rel. Searle*, 2015 WL 6691973, at *1.  This court drew upon the district court's emphasis regarding the centrality of these facts to the relator's suit.  As the district court had said, "the government was aware of [the absence of the technical data package], and even directed [Tolliver to proceed without the technical data package], the very issues about which [the relator] complains." *Id.* at *10 (quoted by *Tolliver*, 146 Fed. Cl. at 454).[4]  In sum, the only error is one of the government's devising; the district court and this court were on all fours with each other.[5]

## B. The Government's Jurisdictional Objection

Jurisdictionally, the government argues that there is a mismatch between Tolliver's claim to the contracting officer and that presented to the court, *see* Def.'s Mot. at 8-10, and that the equitable reimbursement claim based on breach of the implied warranty addressed in *Spearin* is circumscribed by *Hercules v. United States*, 516 U.S. 417 (1996), to bar Tolliver from any recovery, *see id.* at 11-12.

   1.  *Claim symmetry.*

Beyond question, "[a]n action brought before the Court of Federal Claims under the [Contract Disputes Act] must be based on the same claim previously presented to and denied by the contracting officer." *Raytheon Co. v. United States*, 747 F.3d 1341, 1354 (Fed. Cir. 2014).  Tolliver's claim in both forums was one for equitable adjustment.[6]  The key point then becomes

---

the technical data package made Tolliver's performance considerably more difficult, but Tolliver never complained that its performance was impossible.

[4]As the court previously observed, "a district court's findings of fact in a *qui tam* action are *res judicata* against the government." *Tolliver*, 146 Fed. Cl. 483 n.10 (citing *Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321, 1329 (Fed. Cir. 2010)).

[5]Notably the government "previously agreed that one of the relator's primary arguments in the *qui tam* action related to the relator's misunderstanding of Tolliver's certification as it relates to the technical data package." Def.'s Mot. at 8 n.5.

[6]*See* Def.'s Mot. for Summary Judgment, ECF No. 42, App. at A71 ("The Tolliver Group. Inc. ('TTGI') hereby requests an *equitable adjustment* and payment from the United States Army, Army Contracting Command – Warren ("Army") in the amount of $195,889.78 for

5

whether the claims "arise from the same operative facts [and] claim essentially the same relief." *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003).

The government argues that Tolliver neither cited *Spearin* to the contracting officer nor did it refer explicitly to a breach of the implied warranty that if the contractual specifications were met, performance would have been satisfactory. *See* Def.'s Mot. at 9-10.  The first of these postulates is true, but the second is not.  Tolliver did not cite *Spearin* in its equitable reimbursement claim to the contracting officer, but its submission to that officer emphasized the failure by the government to provide the technical data package and the resulting direct relationship to the *qui tam* action.  See Def.'s Mot. for Summary Judgment, App. at A71-72.[7] There is no question that the government failed to supply the information it had specified in the Performance Work Statement, and, similarly, it is beyond dispute that the omission was the crux of the *qui tam* suit.

     2. *The government's reliance upon Hercules*.

The government lastly argues that Tolliver's claim for fees and expenses should be dismissed based on the Supreme Court's decision in *Hercules, Inc. v. United States*, 516 U.S. 417, 424-25 (1996).  *See* Def.'s Mot. at 11.  Specifically, the government contends that *Hercules* limits *Spearin* to application regarding "capability of performance."  *Id.*

The government brushes aside the fact that a *qui tam* case is *not* a third-party claim. *See* Def.'s Mot. at 11.  In actuality, it is a claim by, or on behalf of, the government.  *See Tolliver*, 146 Fed. Cl. at 486 (citing *United States ex rel. Hall v. Tribal Dev. Corp.*, 49 F.3d 1208, 1213 (7th Cir. 1995); *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994); *United States ex rel. Kriendler & Kriendler v. United Techs. Corp.*, 985 F.2d 1148, 1154 (2d Cir. 1993); *United States ex rel. Milam v. University of Texas M.D. Anderson Cancer Ctr.*, 961 F.2d 46, 50 (4th Cir. 1992); *Minotti v. Lensink*, 895 F.2d 100, 104 (2d Cir. 1990)).  At any point before the district court or the Fourth Circuit, the government could have stepped in as the real party in interest.  Moreover, suits such as the one before the district court focus on the contracting party's performance.  The declaration to the district court by the contracting officer's representative showed as much in addressing Tolliver's actual performance under the contract.

---

allowable legal fees associated with defending itself against the False Claims Act action in *United States of America, [e]x [r]el Robert C. Searle v. DRS Technical Services, et al.*").

    [7]In fact, in its claim to the contracting officer, Tolliver cited only one legal precedent, *see* Def.'s Mot. for Summary Judgment, App. at A71-72, and the case cited, *Flour Hanford, Inc. v. United States*, 66 Fed. Cl. 230 (2005), relates generically to equitable reimbursement.  *See* Def.'s Mot. for Summary Judgment, App. at 71.  Besides not citing *Spearin,* Tolliver did not cite leading precedents in the Federal Circuit, including *Franklin Pavkov Constr. Co.*, 279 F.3d at 994-95, and *Essex Electro Eng'rs*, 224 F.3d at 1289, and *Tobin Quarries, Inc. v. United States*, 84 F. Supp. 1021, 1023 (Ct. Cl. 1949).

*See supra*, at 5.  As the court's prior decision explained, *Hercules* does not bar Tolliver in the circumstance at hand.

## CONCLUSION

The government's motion for reconsideration is DENIED.

On or before June 10, 2020, the government shall file any objections it may have to the reasonableness of the amount of Tolliver's claimed attorneys' fees.  Tolliver shall file its response on or before June 22, 2020.

It is so **ORDERED**.

                                          s/ Charles F. Lettow
                                          Charles F. Lettow
                                          Senior Judge