# In the United States Court of Federal Claims

No. 17-1763C

(Filed: July 14, 2020)

| | |
|---|---|
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* ) | |
| **THE TOLLIVER GROUP, INC.,** ) | Federal contractor's claim for partial |
| ) | reimbursement of legal fees and costs |
| Plaintiff**,** ) | incurred in successful defense of *qui tam* |
| ) | suit; equitable adjustment; reasonableness |
| **v.** ) | of fees incurred |
| ) | |
| **UNITED STATES,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | |

Walter Brad English, Maynard, Cooper & Gale, P.C., Huntsville, Alabama, for plaintiff. With him on the briefs were Emily J. Chancey and Michael W. Rich, Maynard, Cooper & Gale, P.C., Huntsville, Alabama.

Ashley Akers, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Plaintiff, The Tolliver Group, Inc. ("Tolliver"), incurred costs in successfully defending a *qui tam* suit that implicated its performance of a government contract. The court previously found defendant ("the government") liable to Tolliver for part of its costs in defending that suit but deferred entering judgment to allow the parties an additional opportunity to address the reasonableness of the fees claimed. *See Tolliver Grp., Inc. v. United States*, 146 Fed. Cl. 475, 486 (2020); *see also Tolliver Grp., Inc. v. United States*, 148 Fed. Cl. 351 (2020) (denying government's motion for reconsideration). The government has responded with general objections to any award of fees, *see* Def.'s Resp. to Pl.'s Request for Attorneys' Fees and Costs ("Def.'s Resp."), ECF No. 58, and Tolliver has filed a reply, *see* Pl.'s Resp. in Support of Legal Costs ("Pl.'s Reply"), ECF No. 61. The court must now decide whether the amount of the costs claimed by Tolliver in defending the *qui tam* suit is reasonable. Upon consideration of the

supporting evidentiary materials, the court concludes that the costs claimed by Tolliver are eminently reasonable.

## BACKGROUND[1]

Tolliver took over performance of a preexisting contract with the United States Army to produce a series of technical manuals. The Army needed such manuals to provide military field users with current parts information and updated procedures for provisioning, maintaining, and overhauling its Hydrema 910 Mine Clearing Vehicle. *See* Joint Stip. ¶¶ 5-6.[2] Anticipating that preparing the manuals might otherwise necessitate the contractor having to reverse engineer the mine clearing vehicle, the contract's Performance Work Statement ("PWS") required the Army to provide a technical data package with engineering drawings obtained from the manufacturer of the vehicle. *See* Joint Stip. ¶¶ 11-12. Nonetheless, the Army never obtained, and thus never provided, the technical data package from the manufacturer. Joint Stip. ¶¶ 13-14. Even though the technical data package had not been, and could not be, provided to the contractor as the contract required, the Army directed the work to proceed. *See* Joint Stip. ¶ 15. After Tolliver began working on the contract—without the technical data package, Joint Stip. ¶ 14—the Army issued Modification 8, an amendment to the contract that, among other changes, removed the government's obligation to provide the technical data package, *see* Joint Stip. ¶¶ 17-18, but increased the contractual fee by four and one-half times, *see Tolliver*, 148 Fed. Cl. at 353.

The failure to provide the technical data package supplied the basis for the *qui tam* action. *Tolliver*, 148 Fed. Cl. at 353. On April 15, 2014, Robert Searle filed an action against Tolliver under the False Claims Act, 31 U.S.C. §§ 3729-31, in the United States District Court for the Eastern District of Virginia, styled *United States of America ex rel. Robert C. Searle v. DRS Technical Services, et al.*, No. 1:14-cv-00402. Joint Stip. ¶ 19. Mr. Searle asserted that Tolliver violated the False Claims Act while performing the contract during the period before Modification 8 became effective by certifying compliance with the technical data package despite having never received that package, *see United States ex rel. Searle v. DRS Tech. Servs.*, No. 1:14-cv-00402, 2015 WL 6691973, at *1 (E.D. Va. Nov. 2, 2015). The government declined to intervene or to move to dismiss the relator's case, and Tolliver successfully defended the litigation. *Tolliver*, 148 Fed. Cl. at 353. The district court dismissed the complaint, concluding that it lacked merit because "[the Army] intended to provide [Tolliver] with [the technical data package] for use in developing the manuals, it did not do so, it knew that it did not do so, and still instructed [Tolliver] to proceed with performance." *Searle*, 2015 WL 6691973, at *1. Thereafter, the United States Court of Appeals for the Fourth Circuit affirmed the district court's

---

[1] The recitations that follow do not constitute findings of fact by the court. Instead, the recited factual elements are taken from the parties' joint stipulation of facts, the complaint, motions, appended exhibits, and judicial notice of prior relevant decisions in this and other courts. No factual disputes are involved.

[2] The stipulations number 27 and will be cited as "Joint Stip." followed by paragraph number. *See* ECF No. 38.

dismissal of the suit.  *See United States ex rel. Searle v. DRS Tech. Servs.*, 680 Fed. Appx. 163 (4th Cir. 2017).

After the affirmance of the dismissal of the *qui tam* suit, Tolliver submitted a claim to the contracting officer under the Contract Disputes Act, 41 U.S.C. §§ 7101-09, for an equitable adjustment, seeking reimbursement of $195,889.78 for allowable legal fees incurred in defending the suit.  *See* Joint Stip. ¶ 25.  The requested amount represented 80 percent of the $244,862.22 in attorneys' fees that Tolliver said it had incurred in its successful defense of the False Claims Act suit.  Joint Stip. ¶ 26.  The contracting officer denied the claim in full, Joint Stip. ¶ 27, concluding it was precluded by the fixed-price nature of the contract.

Tolliver then brought its claim before this court.  On January 22, 2020, the court ruled that equitable reimbursement for the defense costs was appropriate because the *qui tam* suit was based on Tolliver's Army-mandated efforts to perform in the absence of the technical data package. *See Tolliver*, 146 Fed. Cl. at 483-84.  The court denied the government's subsequent motion for reconsideration of that decision.  *See Tolliver*, 148 Fed. Cl. at 351.  The government then submitted its objections to the reasonableness of Tolliver's claimed costs on June 10, 2020, *see* Def.'s Resp., and Tolliver filed a reply on June 26, 2020, *see* Pl.'s Reply.

## STANDARD FOR DECISION

The reasonableness of attorneys' fees is generally assessed by reference to the lodestar method—"the product of reasonable hours times a reasonable rate"—and there is a "strong presumption" that the lodestar represents a reasonable fee.  *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).  The lodestar method is "[a] widely accepted mode of determining reasonable attorneys' fees" which "requires determining both the reasonable hourly rate and the reasonable number of hours expended on the litigation."  *First Fed. Sav. & Loan Ass'n of Rochester v. United States*, 88 Fed. Cl. 572, 587 (2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)) (additional citation omitted).  The party seeking fees "bears the burden of . . . documenting the appropriate hours expended and hourly rates," exercising "billing judgment" in doing so, *Hensley*, 461 U.S. at 437, but that burden is "routinely satisf[ied]" by the "[s]ubmission of invoices and billing records," *Rumsey v. Department of Justice*, 866 F.3d 1375, 1379 (Fed. Cir. 2017).  The court also may refer to declarations made by other attorneys about the reasonableness of fees in a geographic area and may likewise rely on its "own expertise to recognize applicable prevailing rates."  *Morris v. Secretary of Dep't of Health and Human Servs.*, 20 Cl. Ct. 14, 29 (1990) (citation omitted).

Here, few, if any, complications arise. The "[f]ees incurred and paid by a client at an agreed rate are presumptively reasonable because in reaching agreement, lawyer and client have already considered and weighed all the relevant factors."  *Lost Tree Village Corp. v. United States*, 135 Fed. Cl. 92, 96 (2017) (citations and internal quotations omitted); *see also Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 24 (D.C. Cir. 1984) ("[W]hen fixed market rates already exist, there is no good reason to tolerate the substantial costs of turning every attorneys['] fee case into a major ratemaking proceeding. In almost every case, the firms' established billing rates will provide fair compensation.") *overruled in part on other grounds by Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516 (D.C. Cir. 1988) (en banc).

3

## ANALYSIS

Tolliver seeks to recover $195,889.78, which represents 80 percent of the $244,862.22 it incurred in its defense of the *qui tam* suit. *See* Pl.'s Reply. at 1, 6. In support of that amount, Tolliver has provided all of its legal invoices concerning the litigation. *See generally* Pl.'s Reply, App. at 22-158. Those invoices identify the timekeeper performing each task, describe the tasks performed, and set forth each timekeeper's hourly rate and the amount of time expended. *See id.* Tolliver also submitted declarations by its attorneys further explaining that their rates were discounted and labor was carefully divided between its lead counsel and its local counsel. *See, e.g.*, Pl.'s Mot. for Summary Judgment ("Pl.'s Mot."), App. at A1060-1062 (Decl. of W. Brad English, lead counsel), A1101-04 (Decl. of Stephen J. Obermeier, local counsel), ECF No. 41.[3] Additionally, Tolliver produced declarations of two other attorneys opining on the prudence of the billing judgment and staffing decisions made. *See* Pl.'s Reply, App. at 4-14 (Decls. of Mark J. Linderman and G. Bartley Loftin, III).

Agreed rates are "presumptively reasonable" because such rates reflect the considered—presumably reasonable—decisions of both the lawyer and client, when those rates have been actually paid, as here. *See Lost Tree Village Corp.*, 135 Fed. Cl. at 96. Beyond a detailed accounting of those agreed rates and explanations of the hours expended, Tolliver has produced substantial evidentiary material supporting the fees at issue here. The declarations of other attorneys concur that "the work performed by the firms was necessary to defend Tolliver against the plaintiff's various allegations" and "the rates charged . . . were reasonable and well within the range of prevailing rates charged in the D.C. metro area, including Alexandria, Virginia, during that timeframe." Pl.'s Reply, App. at 7 (Linderman). Furthermore, the firms Tolliver engaged substantially discounted their rates, "appl[ying] discounts and write offs to account for any potential duplication" between them. *Id.* at 7. Indeed, the court's own experience is consistent with these declarations, finding these rates eminently reasonable. *See Morris*, 20 Cl. Ct. at 29 (citation omitted) (noting that a court may rely on its "own expertise to recognize applicable prevailing rates").

Moreover, even after reviewing the documentation provided by Tolliver, the government makes no detailed objection to either the billing rates or the total sum, presenting no additional evidentiary material or even contrary declarations to rebut Tolliver's documentation. Instead, the government simply disregards Tolliver's evidentiary submissions, contending that it is "not in a position to object or agree to the reasonableness of Tolliver's claimed attorneys' fees because Tolliver has not put forth any evidence sufficient to meet its burden to demonstrate the reasonableness of its costs." Def.'s Resp. at 1. That assertion is belied by the extensive evidentiary material in the record which the government declines even to address.

---

[3]Lead counsel for Tolliver, Mr. English, regularly applied a discount to his normal billing rate, *see*, *e.g*., Pl.'s Mot. App. at A1066, A1072, effectively charging no more than approximately $340 per hour in 2015 and 2016 when the great bulk of the work was done, *id*. at A1081, A1173, A1362. Local counsel, Wiley Rein, similarly applied billing discipline, with the lead local counsel, Mr. Obermeier, charging $540 to $585 per hour. *See generally* Pl.'s Reply, App. at 95-158 (Attach. 2). Most of Mr. Obermeier's time was billed at $540 per hour. *Id.*

The government also maintains that some of the costs Tolliver seeks were incurred to defend claims subsumed in the *qui tam* suit that had no predicate in the Army's failure to provide the technical data package.  *See* Def.'s Resp. at 3-4.  Thus, the government asserts, "[r]easonable attorney fees should not include the fees associated with defending the other six counts of the suit, none of which involved the technical data package."  *Id.*  This contention is not new.  Indeed, the court already considered a similar argument and concluded—relying on prior findings of the district court in the *qui tam* case—that "the absence of the technical data package triggered and served as the basis for the *qui tam* suit" and therefore "[i]f the missing data had been provided, the *qui tam* suit could not have been brought."  *Tolliver*, 146 Fed. Cl. at 484.  The government's contention ignores the central thrust of the *qui tam* suit and has no meaningful bearing on the reasonableness of the fees at issue.

## CONCLUSION

For the reasons stated, the court finds Tolliver's claimed legal costs to be reasonable.  Accordingly, Tolliver is awarded the sum of $195,889.78.  The clerk is directed to enter final judgment in accord with this disposition.

Tolliver is awarded its costs of suit.

It is so **ORDERED**.

                                                s/ Charles F. Lettow  
                                                Charles F. Lettow  
                                                Senior Judge